UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alexander R. Gifford,

                Plaintiff,      Case No. 20-11733

v.                                   Judith E. Levy
                                      United States District Judge

Richard Dale Snyder, Detroit
Water and Sewage Department,

                Defendants.

_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE**

On June 15, 2020, Plaintiff filed a complaint for the intentional infliction of emotional distress and death resulting from being informed that the City of Flint would be switching water sources in 2006 and 2007. (ECF No. 1.) Plaintiff is suing former Governor Richard Snyder and the Detroit Water and Sewage Department for disregarding his "constitutional rights and personal well being." (*Id.* at PageID.4.)

Plaintiff requests permission to proceed without prepaying fees or costs (*in forma pauperis*). (ECF No. 2.) The *in forma pauperis* statute,

28 U.S.C. § 1915(a)(1) states: "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." Plaintiff is unemployed and reports that he has no money in cash or in bank accounts. (ECF No. 2.) Based on this, Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1) and his application to proceed *in forma pauperis* is granted.

Because he proceeds *in forma pauperis*, the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff's *pro se* complaint is sparse. His statement of the claim, in full, is as follows:

> In 2006-2007 I and witness were informed that the City of Flint would be switching water sources but [were] not

> informed to the consequences of those actions. We were informed by government intel agents these actions are determined to be malicious or [willful] and wanton, showing disregard for the plaintiff's constitutional rights and personal well being. I demand justice. The government cannot hide behind sovereign immunity while informing me of their actions.
>
> The defendants breached their duty of care, acted purposefully, realizing consequences would arise from their actions.

(ECF No. 1.)

A complaint is frivolous and subject to dismissal if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."). Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id*. The Constitution and Congress have provided the federal courts with the authority to hear a case only when diversity of citizenship exists

3

between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Plaintiff identifies "federal question" as the basis of the Court's jurisdiction and describes the nature of his suit as an "intentional tort resulting in death and the intentional infliction of emotional distress." (ECF No. 1, PageID.3.)

Plaintiff does not claim any violation of federal law or constitutional rights, nor does he reference a federal cause of action. Plaintiff indicates that his claim is one for an intentional tort resulting in death and the intentional infliction of emotional distress, but these are not based on federal law nor is Plaintiff's right to relief dependent on a substantial question of federal law. Plaintiff's intentional tort resulting in death and his intentional infliction of emotional distress

4

allegations are state tort claims, the resolution of which is not dependent on any substantial question of federal law.

Even liberally construing the Complaint "to encompass any allegation stating federal relief," the Court is unable to discern a federal claim on the face of the complaint. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation marks and citation omitted). Thus, subject matter jurisdiction in this case is not based upon a federal question, and the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1331.

Nor does diversity of citizenship exist in this case. Federal jurisdiction based upon diversity of citizenship is found in cases between "citizens of different states" where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. A person's citizenship for purposes of diversity jurisdiction is the state where he is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

Here, Plaintiff lists his address as Atlanta, Michigan. Plaintiff does not expressly identify the citizenship of the Defendants, but both

are based in Michigan, with one located in Detroit, Michigan, and the other is the former Governor of Michigan. The Complaint as written, therefore, suggests that Plaintiff and the Defendants are all citizens of Michigan. Thus, subject matter jurisdiction in this case is not based upon diversity of citizenship, and the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1332.

The Court finds that it does not have subject matter jurisdiction over this action under either § 1331 or § 1332. Accordingly, the Court GRANTS plaintiff's motion to proceed *in forma pauperis*, and DISMISSES Plaintiff's case.

IT IS SO ORDERED.

Dated: August 14, 2020           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2020.

                                                   s/William Barkholz
                                                   WILLIAM BARKHOLZ
                                                   Case Manager